Janet KRAUSE et al., Claimants,
Appellants,

v.

Daniel F. FEATHERSTON, Jr., Receiver,
Appellee.

August P. MAYKUT, Claimant,
Appellant,

v.

Daniel F. FEATHERSTON, Jr., Receiver,
Appellee.

Nos. 6820, 6821.

United States Court of Appeals
First Circuit.

Heard April 3, 1967.

Decided May 9, 1967.

Sumner H. Woodrow, Boston, Mass., for appellants.

Daniel F. Featherston, Jr., Boston, Mass., with whom Michael H. Goshko, Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

These are appeals (1) from the denial of a creditor's motion to establish his claim in a receivership proceeding, and (2) from the denial of debtors' motions to set aside defaults entered against them in the receivership proceeding.

On July 17, 1963, some three months after a receiver was appointed for the stockbrokerage firm of Eastern Investment Corporation, one Maykut, a customer, wrote the receiver that this corporation's check, payable to him for $19,304.-78, had "bounced"— and requested information as to the firm's assets and when

the check would be paid. The receiver ignored this letter. Early in September of that year Irving A. Estrich, an attorney, of Lynn, Massachusetts, wrote to the receiver requesting a conference on Maykut's and two other claims not involved in either of these appeals. This conference was held but insofar as the receiver recalls "no mention was made of any Maykut claim." More than a year later the receiver petitioned the district court for entry of an order barring all claims not listed in his petition. Maykut's claim was not listed. The record shows that the receiver sent a copy of this petition by registered mail to Estrich, as attorney for Maykut. Notice by publication was also given. On November 2, 1964, the court entered an order barring all claims not filed on or before October 29, 1964. Maykut did not file a claim in response to this petition and hence his claim was barred.[1]

After learning of a partial distribution by the receiver, Maykut filed the instant motion on July 20, 1966, asking that the receiver be required to recognize his July 17, 1963, letter as a claim and that he be given a hearing upon the merits of said claim. The district court denied this motion as untimely. In so doing, we think the court acted within its discretion. This case turns primarily on the question of notice to Maykut. In our opinion, the receiver gave sufficient notice to Maykut of the pendency of his petition to bar claims. Service upon Maykut's attorney constituted service upon Maykut. D.C.Mass.R. 8(a). Obviously, this claimant slept on his rights by waiting more than three years before attempting to establish his claim. He cannot expect any relief at this late date.

In the other appeal (No. 6820), appellants were listed in receiver's petition to adjudicate claims as debtors of Eastern Investment Corporation in the total amount of approximately $2,600. They were represented by attorney Estrich who entered his appearance and answered the receiver's petition. On March 30, 1966, the receiver sent notice to Estrich that this petition was scheduled for hearing before a master on April 15. The next day (April 1) Estrich notified his clients of this hearing date, informed them he intended to withdraw from the case and suggested that they engage other counsel. He also notified the receiver of his intention and told him that the debtors were arranging for new counsel. On April 7 he filed a withdrawal. That day the receiver acknowledged Estrich's letter to him and sent a copy of his reply to Estrich's erstwhile clients at their home in Connecticut.[2] On April 15, 1966, present counsel received a letter from the Connecticut attorney for these parties asking him to represent them in this case and requesting that he secure a continuance of the hearing scheduled for that day. Counsel presented this request, together with the circumstances surrounding it, to the special master who continued the hearing to April 18. The debtors did not appear for hearing on that day[3] and their counsel, not yet having received the papers from Estrich, asked for another continuance. The master refused to grant this request and entered the defaults in issue here. Two days later counsel requested the district court to remove these defaults. The court refused to do so unless the appellants posted a $500 cost bond to pay the transportation expense of an essential witness who had been present on the 18th, but who had returned to his home in Texas. Debtors' counsel stated he could not agree to posting this bond and the court thereupon denied the motion to set aside the defaults.

We do not agree with appellants' contention that the district judge was arbi-

---

1. The record shows that in the three years prior to May 16, 1966, at least two other attorneys made inquiry of the receiver "about the possible chances if they were to make a claim for Maykut * * * and no claim was ever made."

2. This letter clearly stated that the debtors would be subject to a default judgment if they did not appear and offer a defense at the scheduled hearing on April 15th.

3. One of the appellants, who was of advanced age, was sick.

trary and unreasonable or that he denied them due process of law in refusing to set aside the defaults. This is not a complicated case. Appellants had ample notice of the hearing date and sufficient opportunity to retain other counsel and prepare to defend it. It would appear that theirs was primarily a delaying action. The condition imposed by the district court for setting aside the default is not unreasonable, under the circumstances. To honor appellants' request for a continuance without the posting of the bond undoubtedly would have entailed considerable additional receivership expense and would have been unfair to the creditors.

The orders of the district court entered in both cases are hereby affirmed.