Cleveland Yancy **JERNIGAN**, Jr., et al., Plaintiffs,

v.

**LAY BARGE DELTA FIVE and Aquatic Contractors and Engineers, Inc.,** Defendants.

Civ. A. No. 67–G–34.

United States District Court S. D. Texas, Galveston Division.

Feb. 13, 1969.

Jerome Jones, Fuhrhop & Jones, Galveston, Tex., for plaintiffs.

Bryan Williams, Jr., Royston, Rayzor & Cook, Galveston, Tex., for defendants.

## MEMORANDUM OPINION

NOEL, District Judge.

The issue brought before the Court is whether a marine diver working on board a barge may hold the barge owner liable for his wages even though he was not an employee of the barge owner. Plaintiffs proceed on the theory that they are seamen as that term is defined by law and are therefore entitled to be paid their wages by the owner of the vessel. Defendant claims that the right to receive wages arises from an employment contract independently of any rights under the Jones Act or the General Maritime Law. The position of the defendant will be sustained.

Defendant Aquatic Contractors and Engineers, Inc. (Aquatic) entered into a contract with Shell Oil Company which required Aquatic to lay and bury pipe lines in the Gulf of Mexico. Aquatic entered into a subcontract with Dick Kline Marine Divers, Inc. (Kline) whereby Kline would perform all diving operations necessary to the performance of the Shell-Aquatic contract. Kline hired plaintiffs to perform these diving operations. The manner in which diving was performed was entirely within the supervision and control of Kline. Kline in turn delegated this authority to one or more of the divers. The divers were not licensed members of the Merchant Marine and had not signed ships articles. They performed no services aboard the

barge except those connected with the diving operations.

Kline experienced financial difficulties and soon was unable to pay his divers. The divers ceased work shortly after Kline stopped paying them. At the time of the work stoppage, Kline owed each of the divers a substantial amount of money. After fruitless attempts to obtain their back wages from Kline, plaintiffs brought this action against the DELTA FIVE and Aquatic. Kline is not a defendant. The parties have stipulated to the amounts due plaintiffs as unpaid wages.

■ Seamen have traditionally been treated as wards of the courts of admiralty and their rights have been zealously protected. *Eg.* The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903); Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). In order to extend this protection to others, there has been a broadening of the traditional concept of who is a seaman. *Eg.*, Seas Shipping Co. Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); Offshore Co. v. Robison, 266 F.2d 769, 75 A.L.R.2d 1296 (5th Cir. 1959). In order that they may also benefit from the protection and solicitude courts have traditionally shown seamen, plaintiffs are attempting to have themselves classified as seamen.

■ In support of their position, plaintiffs rely upon Sieracki, *supra,* and Smith v. Brown and Root Marine Operators, Inc., 243 F.Supp. 130 (W.D.La. 1965), affirmed *per curiam,* Underwater Services, Inc. v. Brown and Root Marine Operators, 376 F.2d 832 (5th Cir. 1967). They also cite several cases arising under the Jones Act, 46 U.S.C. § 688. These latter cases are clearly inapposite here as the Jones Act has been construed to require an employer-employee relationship. Tsakonites v. Transpacific Carriers Corp., 246 F.Supp. 634 (S.D. N.Y.1965), affirmed, 368 F.2d 426 (2d Cir. 1966), cert. denied, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 434 (1967).

Relying upon *Sieracki* and *Smith,* plaintiffs claim that the employer-employee relationship is not a necessary prerequisite in Jones Act and maintenance and cure cases. This claim may be quickly dismissed by observing that *Sieracki* and *Smith* were not Jones Act cases, but were suits in admiralty asserting personal injury claims based on the doctrine of unseaworthiness.

In *Sieracki,* an injured longshoreman was allowed to recover for injuries suffered because of an unseaworthy condition of the vessel. Traditionally, the doctrine of unseaworthiness had been a seaman's remedy. The Court, in extending the remedy to the injured longshoreman, stated:

> [F]or injuries incurred while working on board the ship in navigable waters the stevedore is entitled to the seaman's traditional and statutory protections, regardless of the fact that he is employed immediately by another than the owner. For these purposes he is, in short, a seaman because he is doing a seaman's work and incurring a seaman's hazards. 328 U.S. at 99, 66 S.Ct. at 879.

In *Smith, supra,* an injured marine diver was held entitled to a seaman's traditional and statutory protections because of the maritime nature of his services. The ship owner owed him a non-delegable duty to furnish a seaworthy vessel and equipment.

In essence, what the plaintiffs are requesting the court to hold is that a ship owner is responsible for the wages of the employees of an independent contractor if the employees perform seamen's work under the *Sieracki* and *Smith* test. Plaintiffs do not and cannot cite any case which supports this proposition. Careful research has convinced me that no such case exists. This attempt to apply the *Sieracki* rationale to a wage claim can fare no better than an attempt to place a square peg into a round hole.

■■ The claim for injuries in *Sieracki,* and the claim for wages here arise from separate and distinct duties.

The *Sieracki* claim arose from the vessel owner's non-delegable duty to furnish a seaworthy vessel and appurtenances. On the other hand, a wage claim is based upon the contract of employment. Fink v. Shepard Steamship Co., 337 U.S. 810, 815, 69 S.Ct. 1330, 93 L.Ed. 1709 (1949). The duty to pay wages is an obligation that can only arise from the employer-employee relationship. *Cf.* Creppel v. J. W. Banta Towing, Inc., 202 F.Supp. 508, 513 (E.D.La.1962).

Plaintiffs here were employed by Kline. Aquatic had no control over the manner in which the diving operations were conducted. It is clear that plaintiffs were not employees of Aquatic. There being no employer-employee relationship, Aquatic cannot owe them wages.

Therefore, it is ordered, adjudged, and decreed that the complaint be and hereby is, dismissed with prejudice; costs are taxed against the plaintiffs.

Counsel for defendants shall submit an appropriate form of judgment within ten days.